The testator was bound to pay a debt to the intestate at a future day, before which both parties died, and no administration was taken on McLellan's estate till many years after the debt became due. The plaintiff now brings his action within seven years after administration obtained. The defendant pleads the Act of 1715, ch. 48, sec. 9; the plaintiff replies, and the defendant demurs.
The plaintiff insists that the term, of seven years limited in the act should only run from the time that he obtained letters of administration; that before that time there was not creditor in existence, so that there was nothing for the statute to operate against; and that a creditor could not be barred before he existed, and relied on the case Curry et ux. v.Stephenson, 4 Mod., 376, and Cary et uxor, probably the same case, 2 Salk., 421, and Joliffe v. Pitt, 2 Vern., 695, comparing this to a case where the act of limitation is pleaded.
In the case of Curry v. Stephenson, supra, it is said the Judges were of opinion that the statute would not bar the recovery on the reasoning inSaffyn's case, not on the decision; for, in that case, the judgment of three Judges against two was that the statute was a bar; but the case ofCurry v. Stephenson, supra, went off on another point.
In the case of Saffyn v. Adams, 2 Cro., 60, the case of Sanders(596) v. Stanford is cited, and as there stated is this: "It appears that there was a lease to commence on the expiration of a lease then existing; he who had the future interest died; the first lease expired; the lessor enters and levies a fine with proclamations before any administration committed; the five years passed; and after administration was *Page 503 
granted, the question was whether the administrator should have five years. And it was resolved that he should, "for none had a right to enter before." The same case is stated in the case of Coates v. Atkinson, Goldsborough, 171, somewhat different, as follows: "Stanford's case was a lease to commence at a day future, and then a fine and non-claim before the commencement shall not bar the right of that lease; but a fine after the day of commencement, although before any entry of lessee, shall bind," and cites Saffyn's case. The case of Sanders v. Stanford is said to have been decided 21 Eliz.; but we have diligently searched all the reporters of that day, with a view to find a true state of it, without being able to find it. The case, however, of an executor differs materially from all the cases cited. In the case, Curry v. Stephenson, first cited, the defendant actually recovered the money, and held it to his own benefit, without any legal right. It was a debt, in consequence, subject to the recovery of any person who could show a legal claim; and he was under no obligation to part with it to any other person, therefore suffered no hardship by the recovery of the administrator.
In the case of Sanders v. Stanford, the lessor sustained no injury by the entry of the administrator; the lease was his own act, of which he could not be ignorant, and he was bound in conscience to admit. An executor is only a trustee, and bound to deliver up the property with which he is intrusted, after the expiration of one year; being then divested of the property, he is no longer bound in conscience to pay any debt chargeable on that property; but notwithstanding this, the law obliges him to be accountable to creditors for seven years, and empowers him to demand security from the legatees, or next of kin, before he makes distribution or payment of legacies, to indemnify him (597) against any legal recovery. This law, however, after seven years, bars the creditor from any recovery against him; therefore, it would appear to a common observer that no legal recovery could be had against an executor after the expiration of that term; more especially, as it after that time he holds any of the estate, not recovered by the next of kin of legatees or creditors, he is bound to pay it to the church wardens and vestry, for the use of the parish; and by a late act, passed April, 1784, ch. 23, the administrator, as soon as he has finished his administration, and no creditor makes any further demand, is bound to pay what remains in his hands into the public treasury; where it is to remain subject to the claims of creditors, etc., and the treasurer is empowered to compel payment of such residuum. This last act is called a supplement to the first, for the purpose of substituting the public treasurer in place of the church wardens and vestry, which no longer existed; and to *Page 504 
charge the public treasurer, instead of the executor, with any demands against the estate which remained unsatisfied; so that it seems to be understood that after a limited time the executor was to be exonerated, though the demand was not extinguished, but transferred to the public treasurer, to whom the executor was accountable. It is true no time is limited by the last act, but as it refers to the first, the presumption is that the Legislature had in view the time limited in the first. If he had anything in his hands, he was subject to a recovery by the treasurer, and not by the creditor. If he had delivered over the property to the legatees or next of kin, he was answerable to no one, after the expiration of seven years; and it seems to have been the intention of the Legislature, from the tenor of these acts, that the executor should have a quietus
with respect to creditors; for it could not be intended that he should be subject to the suits of the treasurer and creditor at one and the same time. In the case of Joliffe v. Pitt, it is said that the Lord Chancellor
inclined to be of opinion that the statute of limitation was not to take place; but the case was decided on the saving in the statute, 4 (598) and 5 Anne, in favor of the plaintiff, where the defendant is beyond sea. Though we can find no decision directly in point, yet we believe the law has been generally understood that the act of limitation will not run but from the time that administration was obtained, nor does this impose any hardship or injustice on the defendant, on whom there is a moral obligation to pay, notwithstanding any length of time that the debt might have become due; in case of an executor it is otherwise, for the moral obligation on him to pay ceases whenever the assets are taken out of his hands, or when he is bound by law to deliver them to another. The laws are positive, without any saving in favor of this case.
Upon the whole, we are of opinion that judgment in this case should be entered for the defendant.
Cited: Neil v. Hosmer, 5 N.C. 206; Raynor v. Watford, 13 N.C. 340;Godley v. Taylor, 14 N.C. 181.
NOTE. — See Jones v. Brodie, 7 N.C. 594; McKidder v. Littlejohn,23 N.C. 66; Armistead v. Bozman, 36 N.C. 120 — which seems to overrule this case. *Page 505 
(599)